Good morning, Your Honor. May it please the Court. My name is Terrence Kellogg. I represent Jerramey Roper. He's in custody, and his family is watching either live streaming or shortly thereafter. We appreciate the opportunity to be heard this morning. I wish to reserve three minutes for rebuttal. All right. Can you please keep your eye on the clock as well, and I'll try to help you out. Yes, thank you, Your Honor. I want to start by emphasizing the standard of review. The correct standard of review, as we all know generally for compassionate release motions, is abuse of discretion. However, it also includes, as the standard of review, de novo review of questions of law. And that's what's determinative in this case, because the district court made an error of law in its refusal to believe or find that it was enabled to consider subsequent statutory and judicial changes to the law. But to be fair to the district court, this case was decided below before Chen, wasn't it? Absolutely, Your Honor. And I didn't mean to take anything away from the district court. Judge settled he did an admirable job in his decision. We just submit that Chen does change things, as does Concepcion. So Chen involved a statutory change, and this involves a change in our interpretation of the guidelines, if you will. Does that make a difference? I don't think that it does, Your Honor. I know that that was one of the three distinguishing factors that the government asserted in its supplemental authority discussing the opinion in Chen. And I will get to that after I think that even before Chen is Concepcion. And it, again, was after Judge Settle's decision in Roper. Concepcion, the opinion, and Concepcion, the holding. At page 18 of the opinion. The First Step Act does not require a district court to be persuaded by the non-frivolous arguments raised by the parties before it, but it does require the court to consider them. The contrary judgment of the Court of Appeals for the First Circuit is reversed. The case is remanded for further proceedings consistent with this opinion. That's the holding of Concepcion. Concepcion has been criticized in subsequent cases and discussions as being addressing those comments only as an example and not being binding authority. We submit that it is more than that. The court clearly said that. More than Concepcion, perhaps more on point, is the case of Chen. In the response or rather the submission as supplemental authority of the Chen opinion, the government asserted three bases upon which the Chen opinion was not dispositive as to the Roper case. The first one was, as Your Honor recognized, the fact that Chen was a 924C case, whereas Roper was more a legislative interpretation. The point that I hope to leave the court with, the panel this morning, is that we have two competing views of the compassionate release structure. On the one hand, it's interpreted as narrow and confined and to be sparsely granted. The other view is that it's to be expansive. Do we need to adopt either view? Chen seems to say there are two things the district judge can't take into account. One of those things is the sentencing commission says you can't take into account. And second is rehabilitation. But that everything else is fair game to take into account. It may or may not be persuasive. So I'm not sure the district court has to take an expansive view of the statute. But it's just, I think Chen, and I want to ask your friend about this, but it seems to me Chen stands for that proposition. Two things are off bounds. One is things the sentencing commission has dealt with. The other is rehabilitation. Neither of those seem to be involved in this case. Isn't that the complete answer to your problem? I don't know if it's the complete answer. I think that I agree with what Your Honor is saying. The reason I'm resisting your expansive stuff is your client seems to have gotten a real benefit from a plea agreement. He faced a much longer sentence and got one that was reduced because he pleaded guilty. So when it goes back to the district judge, is the district judge entitled to take that into account in determining whether or not compassionate release is appropriate? Oh, absolutely. In fact, I've invited the court to, if it doesn't agree with the argument advanced by the government as to the effect of the waiver in the plea agreement, to remand for that very consideration. And that's what I mean by expansive. My criticism wasn't to the district court, and it certainly wasn't to the Ninth Circuit. It was to the other circuits that have bought into the government's other principal argument of habeas channeling. And that's why I say that there's two competing views of the compassionate release statutory scheme and how it's to be applied. I think that the answer that the Trinkler decision in the First Circuit, the most recent supplemental authority advanced by the government, is a position that we agree with. And that was essentially saying the same thing that Your Honor is saying. Although it did not incorporate a blanket prohibition on considering subsequent changes, it said that the question as to whether or not those types of changes, be they statutory or decisional law or whatever, are to be considered but not dispositive as part of the holistic view that other circuits have adopted. Specifically, the court said that the question at issue is the secondary question, the individualized question, as to whether or not in the consideration mix it is enough to provide compassionate release. But it must be considered. I don't want to interrupt you, but I know you wanted to save time. Yes. Boy, I got about... I'm sorry, because I think Your Honor's correctly... You've answered my question. Pardon me? You've answered my question. The plea agreement is already addressed in my comments, and I want to reserve additional time. Thank you, counsel. Let's hear from the government. Thank you. Good morning, and may it please the Court, Tanya Culbertson on behalf of the United States. Mr. Roper's motion for compassionate release is directly challenging the legality of his sentence. He's arguing that he should be released... Well, no, it's not. He doesn't say he got an illegal sentence. He is saying, I qualify for this form of compassionate release, and it seems to me the only question in this case is whether or not the kind of change in the law that occurred in his case is an extraordinary and compelling circumstance. He's not saying, throw out my conviction. He's not saying I was illegally sentenced. That's a 2255 issue. He's saying there's a statute that entitles me to compassionate release if I can show extraordinary and compelling circumstances, and I want the district court to consider it. And the district court said I can't because this change in the law is not a compelling and extraordinary circumstance, or it's not legally one, not factually, but legally. So I understand what the government's saying about not using this to challenge your conviction or sentence, but I just don't see Mr. Roper's doing so. I think we have to look at the practical effect of what he's asking for, and the practical effect of correcting his sentence that was purportedly now illegally imposed because of Valencia Mendoza would be to shorten the time that he is serving. That is a remedy. He's not saying the court has to shorten it because the law has changed. He's saying the court may take that into account in deciding whether or not to extend to him the discretionary benefit of compassionate release. So if that were true, wouldn't we, wouldn't Chen have come out the other way? I think Chen, as we pointed out, had no cause to address the habeas channeling requirements, and let alone in a circumstance like this one. I mean, is that the district court, first of all, didn't have the benefit of Chen. And so the district court said, well, you know, non-retroactive changes in the law, I really can't consider that as part of the compelling and extraordinary circumstances mix. Chen wasn't really limited to the factual situation. I mean, Chen, I'm looking at Chen, and it says Congress has only placed two limitations directly on extraordinary and compelling reasons. One was the policy statement that wasn't applicable, and then the other one is the requirement that rehabilitation alone is not extraordinary and compelling. So district courts may consider non-retroactive changes in sentencing law, and that's what this district judge, without the benefit of Chen, said he couldn't do. Now, as Judge Hurwitz said, he doesn't have to accept the defendant's argument that it's compelling and extraordinary. But don't we have to at least send it back so that he can weigh it into the mix, something that he thought he couldn't do? Well, I would say the third limitation that Chen does not expressly talk about, but which, of course, we all understand is there, is the words of the statute itself, extraordinary and compelling reasons. But Chen, when it was, it only very briefly touched on Section 2255 and the fact that there is a whole other scheme that Congress has created to serve the interests of finality. And what Chen said about 2255 is that 3582C1 allows defendants to seek modifications even if their sentences were not imposed in violation of the Constitution or federal laws. That's 48F4 of 1101, but that says nothing about proper channels. But that didn't answer my question, though, because isn't there a legal error here? I'm looking at the district court's ruling, and the district court said that the 3582C2 only allows the court to consider amendments to the sentencing guidelines and not changes the case law, as is argued here. Do you think Chen changed that? I think Chen talks about when there is a non-retroactive statutory change to 924C mandatory minimums. And I think that is different from a sentencing error. Well, sure, it's actually different. Otherwise, we wouldn't be here. I think it's legally different, though, from a sentencing error. I won't reread the language that Judge Wynn just read you. It said Congress has only placed two limitations, and neither is applicable here. Is it? Right, the rehabilitation. So it seems to me you've got great arguments you might make to the district judge. He got a plea deal. This really isn't all that extraordinary and compelling. You might not even consider it as extraordinary and compelling factually, district judge. But this district judge seemed to think he couldn't consider it as a matter of law. And Chen seems to directly deal with that issue. Well, let me point out one other distinction in Chen. That is that it was not dealing with a situation where there is a plea agreement with an appellate and collateral review waiver. And so it had no occasion to consider sort of using compassionate release as an end run to bring a sentencing error argument. Your position is that whenever there's an appeal or collateral review waiver in a plea agreement, the defendant is not eligible to apply for compassionate release? No, Your Honor. We're certainly not saying that a defendant cannot apply for compassionate release. But when the reason upon which he is seeking compassionate release is a sentencing error, the right to appeal that he gave up. I want to push back at you again. I don't think Roper is saying I was sentenced in error. He's saying I recognize it's not retroactive. And therefore, if I had the ability to appeal, I couldn't. But the world has changed. And, Judge, I'd like you to take that into account and look at my sentence again. And we've said that kind of change in the world, the change in the law, can be an extraordinary and compelling circumstance. It doesn't mandate, but it's a gateway to let the judge take a look at it. So I'm not sure why you think he's attacking his sentence as illegal. Well, Your Honor used the word gateway, and I think that is an important word to think about in sort of the structure of the Sentencing Reform Act. So the Sentencing Reform Act brought in a determinate sentencing scheme with only very narrow exceptions that permit a district court to correct its sentence. C1A, of course, for extraordinary and compelling reasons warranting release. C1B when there is another statute or Rule 35. Or C2 when there is a guidelines change that has been made retroactive by the Commission. Chen, again, did not have to sort of grapple with the inconsistency of allowing a, what is essentially sort of a C2 claim to come in under C1A and to expand, to open up this gateway to compassionate release in a way that Congress likely did not intend. Excuse me, Counsel. Yes, Your Honor. The three of us have been around long enough to remember when the law, what the law was before compassionate release was even available. And the arguments that were made against compassionate release, which now, of course, is the law, the availability of it, was that it was an end run around plea waivers. The same argument you're making today. And it sounds like you're making a philosophical argument rather than a legal argument, because it does not appear, at least to me, that given the circumstances here, that there is any sort of run around the bush. If that is the case, then that would be the case for every compassionate release case. Because how many cases do district judges have before them that have plea agreements that have appeal waivers in them? Virtually every one that I've ever seen has got an appeal waiver in it. And I've gotten plenty, as has every other district judge, of compassionate release motions. And what happens is what Judge Nguyen and Judge Hurwitz have suggested. Those issues, the whole milieu, except for the two exceptions, come before the district judge and are available to the government and to the defendant to argue. Your Honor mentioned the whole milieu, and I just want to point out again yet another distinction in this case, and that is that Mr. Roper has not specifically sort of challenged on appeal the district court's resolution of all of the other reasons he considered. So to send this back, the court, I think, would be saying that a change in a guidelines sentencing calculation standing alone could be an extraordinary and compelling reason, and no court has said that. Many courts have said exactly the opposite, but no circuit court has held that a sentencing error affecting an advisory guidelines range standing alone could be considered extraordinary and compelling. And I think the circumstances of this case bear that out. Well, he's not suggesting there was a guideline error. He's suggesting that in reviewing the compassionate release motion, which was pending before the district judge, who, as we know, is an excellent judge and did not have the benefit of Chen or several other cases, actually, that have come down since then. That be considered. That be considered. And I don't see why that isn't the case. I'm having a very difficult time seeing why that should not be something we would want the district judge to look at. Well, again, I turn to the two primary distinctions I raised, which are the habeas channeling rule, which was not considered in Chen, and the existence of the plea agreement. But I see that amount of time. Of course. I want to make sure I didn't mistake what you were arguing at the end. Yes. The district judge said, I don't reach the 3553 factors because there's no extraordinary and compelling circumstance. Correct. And he also said, and I can't consider the change in the law. You're not making an argument that even if he had considered the change in the law, he would not have granted compassionate release, are you? I am saying that had he considered a change in the law, I think it's unlikely that it would have risen to the extraordinary and compelling circumstance. But he expressly said, I can't look at the 3553 factors, so it's not harmless error. No, that's correct, Your Honor. That's not what I'm arguing. The point I was trying to make is that Mr. Roper has not challenged on appeal the district court's resolution of the other reasons that were offered as extraordinary and compelling. So, for example, the COVID-19 reasons. Mr. Roper did not challenge those determinations on appeal, even after the government pointed that out in its answering brief. He put nothing in his reply. Okay, now I understand your argument. All right. Thank you. We ask that you affirm. Thank you. In the two minutes that I have left, I want to draw the court's attention to the opinion in the Jenkins case against recent supplemental authority submitted by the government. It is a concurring opinion by Senior Circuit Judge Ginsburg of the D.C. Circuit, and it's very instructive as to the history of the habeas channeling argument that the government is making that I submit would be applicable to every single compassionate release motion ever filed. I also want to point out that Chen, the final opinion, did consider the 3582 argument about being something that cannot be considered. At page 20, the last page of the opinion, it said that the argument made by the government, starting on the previous page, fails to persuade because Congress has provided a mechanism in 3582C1. Chen was a 3582C2 case. C1A is the inmate initiative submitted exceptional and compelling standard that we submit applies. The court, this panel, Judge Hurwitz, said the only consideration, and the government has argued that we didn't raise the other issues. We put our eggs in this basket because this is important, and that's why the very recent case decided less than two weeks ago, in the Seventh Circuit, the Vaughn case, talks about the holistic approach, the cumulative nature of the issues. I addressed that in our opening brief, footnote three, page seven, where I said if remanded, we would ask the court to consider providing instruction and guidance, not only to the district court in this case, but throughout the Ninth Circuit, as to whether compartmentalization, looking at each advanced argument isolated in and of itself, is the correct approach, or whether or not the cumulative holistic approach as to whether or not all of the factors, all of the factors, justify an exceptional and compelling reason for granting compassionate release. And, counsel, this is, I think Judge Hurwitz made an excellent point here. This is not the case where, and as is often the circumstance, the district judge said, well, there's a lot of controversy about whether I can consider the case law change. You know, I don't know whether I can, but I nonetheless am going to go ahead and tell you that even if I could, I'm going to examine the 3553 factors that on the record I do not grant it. So you have a complete record. The judge has looked at the 3553 factors. In this case, the judge stopped right then and there and said, I can't go past this because I don't have the authority to do so. So he never got to the 3553 factors at all. I agree. And I suggest that he should have in the analysis as to whether or not the changes in the law are a factor to be considered and that it's a factor to be considered with all of the others, the totality of the circumstances presented. That's what the cases say. That's what Arruda says. That's what Concepcion says. And that's what we hope this panel says in this case. All right. Thank you very much, counsel, to both sides for your arguments. The matter is submitted.
judges: NGUYEN, HURWITZ, Ezra